**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x

MARC MOSCHETTA individually on behalf of : 
himself and all others similarly situated, :

                :    Case No.

         Plaintiff, :

v. :

  :

  :

  :    **CLASS ACTION COMPLAINT**

WAL-MART STORES, INC. d/b/a Great Value, :

          :    <u>**JURY TRIAL DEMANDED**</u>

        Defendant. :

  :

  :

———————————————————— x

      Plaintiff, MARC MOSCHETTA, individually and on behalf of all others similarly situated throughout the country, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

<u>**NATURE OF THE ACTION**</u>

      1.      This action seeks to remedy the unlawful, deceptive, and misleading business practices of Wal-Mart Stores, Inc. d/b/a Great Value (herein after, "Defendant") with respect to the manufacture, distribution, marketing, and sale of Great Value 100% Grated Parmesan Cheese (the "Product"). In order to induce consumers to purchase Defendant's product, Defendant's advertising, marketing, and on-label texts prominently feature the warranty and representation: "100% Grated Parmesan Cheese".

      2.      Notwithstanding Defendant's warranty and representation, independent laboratory testing shows that the product is not in fact "100%" grated parmesan, but rather contains significant quantities of adulterants and fillers. In fact, testing shows that at least 7% to 10% of

1

the purportedly "100%" parmesan cheese consists of cellulose, a filler and anti-clumping agent derived from *wood pulp.*

3.      Plaintiff brings this action against Defendant on behalf of himself and a nationwide class of consumers who purchased the Product during the applicable statute of limitations period (the "Class Period").

## **PARTIES**

4.      Plaintiff Marc Moschetta is an individual consumer who, at all times material hereto, was a citizen of New York residing in Dutchess County.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the State of New York.

5.      Plaintiff was induced to purchase the Product based upon the only statement appearing on the front of the label, i.e., "100% Grated Parmesan Cheese." Plaintiff would not have purchased the product at a premium price, and/or would have paid significantly less for the product, had he known that the "100%" representation is false and mischaracterizes the amount and percentage of Parmesan Cheese in the container. Plaintiff suffered injury in fact and lost money as a result of Defendant's deceptive, misleading, false, unfair, and fraudulent practices, as described herein.

6.      Defendant, Wal-Mart Stores, Inc. d/b/a Great Value, is a corporation with its principal place of business in Bentonville, Arkansas, and is organized and existing under the laws of the State of Delaware. Defendant develops, manufactures, distributes, sells and advertises the product at issue here – "Great Value 100% Grated Parmesan Cheese" ("Product") – nationwide, including in the State of New York.  Defendant has long maintained substantial distribution, marketing, and sales operations in Arkansas.

## JURISDICTION and VENUE

7.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).  Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

8.      Venue is proper because Plaintiff and many Class Members reside in the Eastern District of New York, and throughout the State of New York.

9.      This Court has personal jurisdiction over the Defendant because the Defendant conducts and transacts business in the State of New York, contracts to supply goods within the State of New York, and supplies goods within the State of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Defendant's False Representation That Its Grated Parmesan Products are "100%" Parmesan

10.      As can be seen in the images below, Defendant makes *only one* marketing representation on the label: the Product is "100%" Grated Parmesan Cheese. Consumers, including Plaintiff, reasonably rely on the label and believe Defendant's statement that the Product consists of "100%" Parmesan Cheese means no substitutes or fillers are present in the container.  Because the Product does in fact contain fillers and substitutes, the "100%" Parmesan claim is literally false and is also misleading to consumers, including Plaintiff.



11.     Independent testing shows that at least 7% to 10% of the Product is not Parmesan Cheese. Indeed, at least 7% to 10% of the Product is not even cheese of any kind, but is rather comprised of fillers and additives. In fact, at least 7% to 10% of the Product is cellulose, an anti-clumping agent derived from *wood chips*.

## CLASS ALLEGATIONS

12.     Plaintiff brings this matter on behalf of himself and those similarly situated.  As detailed at length in this Complaint, Defendant orchestrated deceptive marketing, advertising, and labeling practices.  Defendant's customers were uniformly impacted by and exposed to this misconduct.  Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive relief.

13.     The Class is defined as all consumers who purchased the Product anywhere in the United States during the Class Period.

14. Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the product in the State of New York at any time during the Class Period (the "New York Subclass").

15. The Class and New York Subclass shall be referred to collectively throughout the Complaint as "the Class."

16. Excluded from the Class are Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest. Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Class. Also excluded from the Class are persons or entities that purchased the Product for purposes of resale.

17. The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

18. Numerosity: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

19. Commonality: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

        a. Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Product;

  b. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in illegal, unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Product;

  c. Whether Defendant made false and/or misleading statements to the Class and the public concerning the Product.

  d. Whether Defendant's false and misleading statements concerning the Product were likely to deceive the public;

  e. Whether Plaintiff and the Class are entitled to injunctive relief;

  f. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

20. <u>Typicality</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Defendant's Product. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

21. <u>Adequacy</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent; his consumer fraud claims are common to all members of the Class and he has a strong interest in vindicating his rights; he has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of

separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

22.     The Class is properly brought and should be maintained as a class action under Rule 23(b) because a class action is superior to traditional litigation of this controversy.  Pursuant to Rule 23(b)(3), common issues of law and fact predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's illegal, deceptive, and misleading marketing and labeling practices.  In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia*:

23.     <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

g.   The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

h.   The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

i.   When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

j.   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

k.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

l.   This class action will assure uniformity of decisions among Class Members;

m.   The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

n.   Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

o.   It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's uniform false and illegal advertising to purchase its Product.

24.     Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## INJUNCTIVE CLASS RELIEF

25.     Rules 23(b)(1) and (2) contemplate a class action for purposes of seeking class-wide injunctive relief. Here, Defendant has engaged in illegal conduct resulting in misleading consumers about its "100%" Grated Parmesan Cheese. Since Defendant's conduct has been uniformly directed at all consumers in the United States, and the conduct continues presently,

injunctive relief on a class-wide basis is a viable and suitable solution to remedy Defendant's continuing illegal misconduct.

26.     The injunctive Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

p.   Numerosity: Individual joinder of the injunctive Class Members would be wholly impracticable.  Defendant's Product has been purchased by thousands of people throughout the United States.

q.   Commonality: Questions of law and fact are common to members of the Class.  Defendant's misconduct was uniformly directed at all consumers. Thus, all members of the Class have a common cause against Defendant to stop its misleading and illegal conduct through an injunction.  Since the issues presented by this injunctive Class deal exclusively with Defendant's misconduct, resolution of these questions would necessarily be common to the entire Class.  Moreover, there are common questions of law and fact inherent in the resolution of the proposed injunctive class, including, *inter alia*:

i.   Resolution of the issues presented in the 23(b)(3) class;

ii.   Whether members of the Class will continue to suffer harm by virtue of Defendant's illegal, deceptive product marketing and labeling; and

r.   Typicality: Plaintiff's claims are typical of the claims of the injunctive Class because his claims arise from the same course of conduct (i.e. Defendant's illegal, deceptive and misleading marketing, labeling, and advertising practices concerning "100%" Grated Parmesan Cheese).  Plaintiff is a typical

representative of the Class because, like all members of the injunctive Class, he purchased Defendant's Product which was sold illegally, unfairly, and deceptively to consumers throughout the United States.

     s.   <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the injunctive Class.  His consumer protection claims are common to all members of the injunctive Class and he has a strong interest in vindicating his rights.  In addition, Plaintiff and the Class are represented by counsel who is competent and experienced in both consumer protection and class action litigation.

27.    The injunctive Class is properly brought and should be maintained as a class action under Rule 23(b)(2) because Plaintiff seeks injunctive relief on behalf of the Class Members on grounds generally applicable to the entire injunctive Class.  Certification under Rule 23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (i.e. Defendant has marketed its Product using the same misleading and deceptive labeling to all of the Class Members).  Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendants would be prevented from continuing its illegal, misleading, and deceptive marketing practices.

**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**
**(On Behalf of Plaintiff and All Class and/or New York Subclass Members)**

28.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

29.     New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

30.     The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the Class and/or New York Subclass Members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining it from inaccurately describing, labeling, marketing, and promoting its Product.

31.     There is no adequate remedy at law.

32.     Defendant inaccurately and deceptively presents the Product to consumers.

33.     Defendant's improper consumer-oriented conduct—including labeling and advertising that the Product features "100%" Grated Parmesan Cheese—is misleading in a material way in that it, *inter alia*, induced Plaintiff and the Class to purchase and pay a premium for Defendant's Product and to use this Product when they otherwise would not have.

34.     Defendant made its illegal, untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

35.     Plaintiff and the Class have been injured inasmuch as they paid a premium for a product that was—contrary to Defendant's representations—not made of "100%" Grated Parmesan Cheese.  Accordingly, Plaintiff and the Class and/or New York Subclass Members received less than what they bargained and/or paid for.

36.     Defendant's advertising and Product packaging and labeling induced the Plaintiff and Class and/or New York Subclass Members to buy Defendant's Product and to pay a premium price for it.

11

37.     Defendant's deceptive, illegal, and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the Class have been damaged thereby.

38.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 350
**(On Behalf of Plaintiff and All Class and/or New York Subclass Members)**

39.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

40.     N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

41.     N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the

advertising fails to reveal facts material in the light of such
representations with respect to the commodity or employment to
which the advertising relates under the conditions proscribed in
said advertisement, or under such conditions as are customary or
usual . . .

42.     Defendant's labeling and advertisements contain untrue, illegal, and materially
misleading statements concerning Defendant's Product inasmuch as they misrepresent that the
Product contains "100%" Grated Parmesan Cheese.

43.     Plaintiff and the Class have been injured inasmuch as they relied upon the
labeling, packaging and advertising and paid a premium for a Product that was—contrary to
Defendant's representations—not "100%" Grated Parmesan Cheese.  Accordingly, Plaintiff and
the Class received less than what they bargained and/or paid for.

44.     Defendant's advertising, packaging and product labeling induced the Plaintiff and
Class to buy Defendant's Product.

45.     Defendant made untrue and/or misleading statements and representations
willfully, wantonly, and with reckless disregard for the truth.

46.     Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus.
Law § 350.

47.     Defendant made the material misrepresentations described in this Complaint in
Defendant's advertising, and on the Product's packaging and labeling.

48.     Defendant's material misrepresentations were substantially uniform in content,
presentation, and impact upon consumers at large.  Moreover, all consumers purchasing the
Product were and continue to be exposed to Defendant's material misrepresentations.

13

49.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and Class and/or New York Subclass Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATION OF STATE CONSUMER PROTECTION STATUTES
### (On Behalf of Plaintiff and All Class Members)

50.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

51.     Plaintiff and Class Members have been injured as a result of Defendant's violations of the following state consumer protection statutes, which also provide a basis for redress to Plaintiff and Class Members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

52.     Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the following jurisdictions:

a.     **Alaska:** Defendant's practices were and are in violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, *et seq.*

b.     **Arizona:**  Defendant's practices were and are in violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq.*

c.     **Arkansas:**  Defendant's practices were and are in violation of Arkansas Code Ann. § 4-88-101, *et seq.*

d.     **California:**  Defendant's practices were and are in violation of California Consumer Legal Remedies Act, Civil Code § 1750, *et seq.*, and California's

14

Unfair Competition Law, California Business and Professions Code § 17200, *et seq*.

e.  **Colorado**:  Defendant's practices were and are in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. §§ 61-1-101, *et seq.*

f.  **Connecticut:**  Defendant's practices were and are in violation of Connecticut's Gen. Stat. § 42-110a, *et seq.*

g.  **Delaware:**  Defendant's practices were and are in violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511, *et seq.* and the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2531, *et seq.*

h.  **District of Columbia:**  Defendant's practices were and are in violation of the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, *et seq.*

i.  **Florida:**  Defendant's practices were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*

j.  **Hawaii:**  Defendant's practices were and are in violation of the Hawaii's Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq.* and Haw. Rev. Stat. § 480-2.

k.  **Idaho:**  Defendant's practices were and are in violation of Idaho's Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*

l.  **Illinois:**  Defendant's acts and practices were and are in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2; and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2.

m.  **Indiana:**  Defendant's practices were and are in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

n.  **Kansas:**  Defendant's practices were and are in violation of Kansas's Consumer Protection Act, Kat. Stat. Ann. § 50-623, *et seq*.

o.  **Kentucky:**  Defendant's practices were and are in violation of Kentucky's Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.*

p.  **Maine:**  Defendant's practices were and are in violation of the Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. Tit. 5, § 205-A, *et seq*. and 10 Me. Rev. Stat. Ann. § 1101, *et seq*.

q.  **Maryland:**  Defendant's practices were and are in violation of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, *et seq*.

r.  **Massachusetts:**  Defendant's practices were unfair and deceptive acts and practices in violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2.

s.  **Michigan:**  Defendant's practices were and are in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, *et seq*.

t.  **Minnesota:**  Defendant's practices were and are in violation of Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.* and the Unlawful Trade Practices law, Minn. Stat. § 325D.09, *et seq.*

u.  **Missouri:**  Defendant's practices were and are in violation of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*

v.  **Nebraska:**  Defendant's practices were and are in violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* and the Uniform Deceptive Trade

Practices Act, § 87-302, *et seq*.

w.   **Nevada:**  Defendant's practices were and are in violation of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 and 41.600.

x.   **New Hampshire:**  Defendant's practices were and are in violation of New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*

y.   **New Jersey:**  Defendant's practices were and are in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*

z.   **New Mexico:**  Defendant's practices were and are in violation of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, *et seq.*

aa.  **New York:**  Defendant's practices were in and are in violation of New York's Gen. Bus. Law §§ 349, *et seq.*

bb.  **North Carolina:**  Defendant's practices were and are in violation of North Carolina's Unfair Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, *et seq.*

cc.  **North Dakota:**  Defendant's practices were and are in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D. Cent. Code § 51-15-01, *et seq.*

dd.  **Ohio:**  Defendant's practices were and are in violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.* and Ohio's Deceptive Trade Practices Act. Ohio Rev. Code Ann. § 4165.01, *et seq.*

ee.  **Oklahoma:**  Defendant's practices were and are in violation of Oklahoma's Consumer Protection Act, Okla. Stat. Ann. tit. 15 § 751, *et seq.*, and Oklahoma's Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78 § 51, *et seq.*

ff.   **Oregon:**  Defendant's practices were and are in violation of Oregon's Unlawful Trade Practices law, Or. Rev. Stat. § 646.605, *et seq.*

gg.   **Pennsylvania:**  Defendant's practices were and are in violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq.*

hh.   **Rhode Island:**  Defendant's practices were and are in violation of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*

ii.   **South Dakota:**  Defendant's practices were and are in violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1, *et seq.*

jj.   **Texas:**  Defendant's practices were and are in violation of Texas' Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*

kk.   **Utah:**  Defendant's practices were and are in violation of Utah's Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, *et seq.*, and Utah's Truth in Advertising Law, Utah Code Ann. § 13-11a-1, *et seq.*

ll.   **Vermont:**  Defendant's practices were and are in violation of Vermont's Consumer Fraud Act, Vt. Stat. Ann. tit. 9 § 2451, *et seq.*

mm.   **Washington:**  Defendant's practices were and are in violation of Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86, *et seq.*

nn.   **West Virginia:**  Defendant's practices were and are in violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, *et seq.*

oo. **Wisconsin:** Defendant's practices were and are in violation of Wisconsin's Consumer Act, Wis. Stat. §421.101, *et seq*.

pp. **Wyoming:** Defendant's practices were and are in violation of Wyoming's Consumer Protection Act, Wyo. Stat. Ann. §40-12-101*, et seq*.

53.     Defendant violated the aforementioned states' unfair and deceptive acts and practices laws by representing that the Product is "100%" Grated Parmesan Cheese.

54.     Contrary to Defendant's representations, the Product does not contain "100%" Grated Parmesan Cheese.

55.     Defendant's misrepresentations were material to Plaintiff's and Class Members' decision to pay a significant premium for the Product.

56.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

57.     As a result of Defendant's violations of the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members paid a significant premium for the Product as compared to products serving the same purpose.

58.     As a result of Defendant's violations, Defendant has been unjustly enriched.

59.     Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

aa.     Neb. Rev. Stat. § 2-313;

bb.     Nev. Rev. Stat. Ann. § 104.2313;

cc.     R.S.A. 382-A:2-313;

dd.     N.J. Stat. Ann. § 12A:2-313;

ee.     N.M. Stat. Ann. § 55-2-313;

ff.     N.Y. U.C.C. Law § 2-313;

gg.     N.C. Gen. Stat. § 25-2-313;

hh.     N.D. Cent. Code § 41-02-30;

ii.     II. O.R.C. Ann. § 1302.26;

jj.     12A Okl. St. § 2-313;

kk.     Or. Rev. Stat. § 72-3130;

ll.     13 Pa. Rev. Stat. § 72-3130;

mm.     R.I. Gen. Laws § 6A-2-313;

nn.     S.C. Code Ann. § 36-2-313;

oo.     S.D. Codified Laws, § 57A-2-313;

pp.     Tenn. Code Ann. § 47-2-313;

qq.     Tex. Bus. & Com. Code § 2.313;

rr.     Utah Code Ann. § 70A-2-313;

ss.     9A V.S.A. § 2-313;

tt.     Va. Code Ann. § 59.1-504.2;

uu.     Wash. Rev. Code Ann. § 6A.2-313;

vv.     W. Va. Code § 46-2-313;

ww.     Wis. Stat. § 402.313;

xx.      Wyo. Stat. § 34.1-2-313.

68.      As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Product, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY
#### (On Behalf of Plaintiff and All Class Members)

69.      Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70.      Defendant is in the business of manufacturing, distributing, marketing and advertising "100%" Grated Parmesan Cheese.

71.      Under the Uniform Commercial Code's implied warranty of merchantability, the Defendant warranted to Plaintiff and Class Members that the Product contains "100% Grated Parmesan Cheese.

72.      Defendant breached the implied warranty of merchantability in that Defendant's Product deviates from the product description, and reasonable consumers expecting a product that conforms to its label would not accept the Defendant's product if they knew it did not contain "100%" Grated Parmesan Cheese.

73.      Within a reasonable amount of time after the Plaintiff discovered that the Product did in fact violate federal law, Plaintiff notified the Defendant of such breach.

74.      The inability of the Defendant's Product to meet the label description was wholly due to the Defendant's fault and without Plaintiff's or Class Members' fault or neglect, and was solely due to the Defendant's manufacture and distribution of the Product to the public.

75.     As a result of the foregoing, Plaintiff and Class Members have been damaged in the amount paid for the Defendant's Product, together with interest thereon from the date of purchase.

## SIXTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (On Behalf of Plaintiff and All Class Members)

76.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.     Plaintiff and Class Members bought the Defendant's Product with the specific purpose of buying "100%" Grated Parmesan Cheese.

78.     Defendant knew or had reason to know that the Plaintiff and other Class Members were buying its Product with the specific purpose of buying a product that was purportedly "100%" Grated Parmesan Cheese.

79.     Plaintiff and the other Class Members, intending to use a fully compliant and legal product, relied on the Defendant in selecting its Product to fit their specific intended use.

80.     Plaintiff's and Class Members' reliance on Defendant in selecting Defendant's Product to fit their particular purpose was reasonable given Defendant's claims and representations in its advertising, packaging and labeling concerning the Product's ingredients.

81.     Plaintiff and the other Class Members' reliance on Defendant in selecting Defendant's Product to fit their particular use was reasonable given Defendant's particular knowledge of the Product it manufactures and distributes.

82.     As a result of the foregoing, Plaintiff and Class Members have been damaged in the amount paid for the Defendant's Product, together with interest thereon from the date of purchase.

## SEVENTH CAUSE OF ACTION
## COMMON LAW UNJUST ENRICHMENT
### (On Behalf of Plaintiff and All Class Members in the Alternative)

83.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

84.     Plaintiff, on behalf of himself and consumers nationwide, brings a common law claim for unjust enrichment.

85.     Defendant's conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling its Product while misrepresenting and omitting material facts.

86.     Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling the Product at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members, and to Defendant's benefit and enrichment.  Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

87.     Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for a Product that was not as the Defendant represented it to be.

88.     Under New York's common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

89.     Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct their practices and to comply with consumer protection statutes nationwide, including New York consumer protection law;

(c) Awarding monetary damages, including treble damages;

(d) Awarding punitive damages;

(e) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Dated: February 23, 2016

THE SULTZER LAW GROUP, P.C.

By: _____
Jason P. Sultzer, Esq. (Bar ID #: JS4546)
Joseph Lipari, Esq. (Bar ID #: JL3194)
Jean M. Sedlak, Esq. (Bar ID #: JS4895)
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*

26