**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————— x

MARC MOSCHETTA, ROBERT DeMARIO,  :
CAMILLA DeMARIO, VERONICA SUTTON,  :
SHEILA GARLAND, NENA SIMON, BRITNEY  :   Case No. 16-cv-01377-CS
COOPER, NEVINA SAITTA, JOSEPH  :
LANDARA, RENITA MYERS, LARRY  :
TUCKER, JEFFREY DOWDY, PHYLISS LYNN,  :
JENELLE CRAGGETTE, JASON MARTIN,  :        **FIRST AMENDED**
RUSSELL LEVY, EFRAIN RUIZ, and CARL  :    **CLASS ACTION COMPLAINT**
NITZ on behalf of themselves and all others  :
similarly situated,  :                     <u>**JURY TRIAL DEMANDED**</u>
                                          :
                     Plaintiffs,           :
v.                                        :


WAL-MART STORES, INC. d/b/a Great Value,

                     Defendant.
——————————————————— x


Plaintiffs identified below, individually and on behalf of the Classes defined below of

similarly situated persons, file this First Amended Class Action Complaint against Defendant

WAL-MART STORES, INC. d/b/a Great Value.

<u>**NATURE OF THE CASE**</u>

1.      This action seeks to remedy the unlawful, deceptive, and misleading business

practices of Wal-Mart Stores, Inc. d/b/a Great Value (herein after, "Defendant") with respect to

the manufacture, distribution, marketing, and sale of Great Value 100% Grated Parmesan Cheese

(the "Product"). In order to induce consumers to purchase Defendant's product, Defendant's

advertising, marketing, and on-label texts prominently feature the warranty and representation:

"100% Grated Parmesan Cheese".

2.      Notwithstanding Defendant's warranty and representation, independent laboratory

testing shows that the product is not in fact "100%" grated parmesan, but rather contains

1

significant quantities of adulterants and fillers. In fact, testing shows that at least 7% to 10% of the purportedly "100%" parmesan cheese consists of cellulose, a filler and anti-clumping agent derived from *wood pulp*.

3.      Plaintiffs bring this action against Defendant on behalf of themselves and a nationwide class of consumers who purchased the Product during the applicable statute of limitations period (the "Class Period").

## PARTIES

4.      Plaintiff Marc Moschetta is an individual consumer who, at all times material hereto, was a citizen of New York residing in Dutchess County.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the State of New York.

5.      Plaintiffs Robert and Camilla DeMario are individuals who, at all times material hereto, were citizens of Florida residing in Micco.  During the Class Period Plaintiffs purchased the Product at their local Wal-Mart store in the state of Florida.

6.      Plaintiff Veronica Sutton is an individual who, at all times material hereto, was a citizen of Florida residing in Tampa. During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the state of Florida.

7.      Plaintiff Sheila Garland is an individual who, at all times material hereto, was a citizen of Georgia residing in Douglasville.  During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the state of Georgia.

8.      Plaintiff Nena Simon is an individual who, at all times material hereto, was a citizen of Illinois residing in Joliet.  During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the state of Illinois.

9.      Plaintiff Britney Cooper is an individual who, at all times material hereto, was a citizen of Louisiana residing in New Orleans.  During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the state of Louisiana.

10.      Plaintiff Nevina Saitta is an individual who, at all times material hereto, was a citizen of Massachusetts residing in Chelsea.  During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the Commonwealth of Massachusetts.

11.      Plaintiff Joseph Landara is an individual who, at all times material hereto, was a citizen of Missouri residing in Pleasant Valley.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the state of Missouri.

12.      Plaintiff Renita Myers is an individual who, at all times material hereto, was a citizen of North Carolina residing in Concord.  During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the state of North Carolina.

13.      Plaintiff Larry Tucker is an individual who, at all times material hereto, was a citizen of North Carolina residing in Clemmons.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the state of North Carolina.

14.      Plaintiff Jeffrey Dowdy is an individual who, at all times material hereto, was a citizen of Tennessee residing in Grand Junction.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the state of Tennessee.

15.      Plaintiff Phyllis Lynn is an individual who, at all times material hereto, was a citizen of Texas residing in Amarillo. During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the state of Texas.

16.     Plaintiff Jenelle Craggette is an individual who, at all times material hereto, was a citizen of Virginia residing in Hampton.  During the Class Period Plaintiff purchased the Product at her local Wal-Mart store in the state of Virginia.

17.     Plaintiff Jason Martin is an individual who, at all times material hereto, was a citizen of West Virginia residing in Delbarton.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the state of West Virginia.

18.     Plaintiff Russell Levy is an individual who, at all times material hereto, was a citizen of Wisconsin residing in Ferryville.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the state of Wisconsin.

19.     Plaintiff Efrain Ruiz is an individual who, at all times material hereto, was a citizen of Kansas, residing in McPherson.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the state of Kansas.

20.     Plaintiff Carl Nitz is an individual who, at all times material hereto, was a citizen of Michigan, residing in Zeeland.  During the Class Period Plaintiff purchased the Product at his local Wal-Mart store in the state of Michigan.

21.     Plaintiffs were induced to purchase the Product based upon the only statement appearing on the front of the label, i.e., "100% Grated Parmesan Cheese." Plaintiffs would not have purchased the product at a premium price, and/or would have paid significantly less for the product, had they known that the "100%" representation is false and mischaracterizes the amount and percentage of Parmesan Cheese in the container. Plaintiffs suffered injury in fact and lost money as a result of Defendant's deceptive, misleading, false, unfair, and fraudulent practices, as described herein.

22.     Defendant, Wal-Mart Stores, Inc. d/b/a Great Value, is a corporation with its principal place of business in Bentonville, Arkansas, and is organized and existing under the laws of the State of Delaware. Defendant develops, manufactures, distributes, sells and advertises the product at issue here – "Great Value 100% Grated Parmesan Cheese" ("Product") – nationwide, including in the State of New York.  Defendant has long maintained substantial distribution, marketing, and sales operations in New York.

## JURISDICTION and VENUE

23.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).  Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

24.     Members of the proposed Class are citizens of New York and the United States. Plaintiff is informed and believes that more than two-thirds of the proposed Class members are citizens of states different from the home state(s) of WAL-MART STORES, INC. d/b/a Great Value.

25.     Venue is proper because Plaintiff, Marc Moschetta and many Class Members reside in the Southern District of New York, and throughout the State of New York.

26.     This Court has personal jurisdiction over the Defendant because the Defendant conducts and transacts business in the State of New York, contracts to supply goods within the State of New York, and supplies goods within the State of New York.

## CLASS ALLEGATIONS

27.      Plaintiffs bring this matter on behalf of themselves and those similarly situated as members of the Classes proposed below, Under Federal Rule of Civil Procedure 23.  The requirements of subsections (a), (b)(2), and (3) to Rule 23 are met with respect to the Class defined below.

5

28.     Plaintiffs seek to represent, and bring this action on behalf of a nationwide class (i.e. all consumers who purchased the Products anywhere in the United States during the Class Period) and the following Classes:

a)     **Florida:** Plaintiffs Robert and Camilla DeMario and Veronica Sutton ("Florida Plaintiffs") are members and putative class representatives of the nationwide class and the Florida Class, which includes:

      i.   All persons residing in Florida who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

b)     **Georgia:** Plaintiff Sheila Garland ("Georgia Plaintiff") is a member and putative class representative of the nationwide class and the Georgia Class, which includes:

      i.   All persons residing in Georgia who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

c)     **Illinois:** Plaintiff Nena Simon ("Illinois Plaintiff") is a member and putative class representative of the nationwide class and the Illinois Class, which includes:

      i.   All persons residing in Illinois who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

d)     **Kansas:** Plaintiff Efrain Ruiz ("Kansas Plaintiff") is a member and putative class representative of the nationwide class and the Kansas Class,

6

which includes:

      i.   All persons residing in Arizona who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

e)    **Louisiana:** Plaintiff Britney Cooper ("Louisiana Plaintiff") is a member and putative class representative of the nationwide class and the Louisiana Class, which includes:

      i.   All persons residing in Louisiana who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

f)    **Massachusetts:**  Plaintiff Nevina Saitta ("Massachusetts Plaintiff") is a member and putative class representative of the nationwide class and the Massachusetts Class, which includes:

      i.   All persons residing in Massachusetts who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any during the Class Period.

g)    **Michigan:** Plaintiff Carl Nitz ("Michigan Plaintiff") is a member and putative class representative of the nationwide class and the Michigan Class, which includes:

      i.   All persons residing in Michigan who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

h)    **Missouri:** Plaintiff Joseph Landara ("Missouri Plaintiff") is a member and

putative class representative of the nationwide class and the Missouri
Class, which includes:

     i.   All persons residing in Missouri who purchased Great Value
        100% Grated Parmesan Cheese for personal, family or
        household use at any time during the Class Period.

i)      **<u>New York:</u>** Plaintiff Marc Moschetta ("New York Plaintiff") is a member
and putative class representative of the nationwide class and the New
York Class, which includes:

     i.   All persons residing in New York who purchased Great Value
        100% Grated Parmesan Cheese for personal, family or
        household use at any time during the Class Period.

j)      **<u>North Carolina:</u>** Plaintiffs Renita Myers and Larry Tucker ("North
Carolina Plaintiffs") are members and putative class representatives of the
nationwide class and the North Carolina Class, which includes:

     i.   All persons residing in North Carolina who purchased Great
        Value 100% Grated Parmesan Cheese for personal, family or
        household use at any time during the Class Period.

k)     **<u>Tennessee:</u>** Plaintiff Jeffrey Dowdy ("Tennessee Plaintiff") is a member
and putative class representative of the nationwide class and the Tennessee
Class, which includes:

     i.   All persons residing in Tennessee who purchased Great Value
        100% Grated Parmesan Cheese for personal, family or
        household use at any time during the Class Period.

l)    **Texas:**  Plaintiff Phyllis Lynn ("Texas Plaintiff") is a member and putative class representative of the nationwide class and the Texas Class, which includes:

      i.   All persons residing in Texas who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

m)    **Virginia:** Plaintiff Jenelle Craggette ("Virginia Plaintiff") is a member and putative class representative of the nationwide class and the Virginia Class, which includes:

      i.   All persons residing in Virginia who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

n)    **West Virginia:** Plaintiff Jason Martin ("West Virginia Plaintiff") is a member and putative class representative of the nationwide class and the West Virginia Class, which includes:

      i.   All persons residing in West Virginia who purchased Great Value 100% Grated Parmesan Cheese for personal, family or household use at any time during the Class Period.

o)    **Wisconsin:** Plaintiff Russell Levy ("Wisconsin Plaintiff") is a member and putative class representative of the nationwide class and the Wisconsin Class, which includes:

      i.   All persons residing in Wisconsin who purchased Great Value 100% Grated Parmesan Cheese for personal, family or

household use at any time during the Class Period.

29.     The Classes shall be referred to collectively throughout the First Amended Class Action Complaint as "the Class."

30.     Excluded from the proposed Classes are Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest. Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Class.  Also excluded from the Class are persons or entities that purchased the Product for purposes of resale.

31.     The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

32.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiffs believe that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

33.     <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

        a.   Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Product;

        b.   Whether Defendant's misconduct set forth in this First Amended Class Action Complaint demonstrates that Defendant has engaged in illegal, unfair,

fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Product;

c.   Whether Defendant made false and/or misleading statements to the Class and the public concerning the Product.

d.   Whether Defendant's false and misleading statements concerning the Product were likely to deceive the public;

e.   Whether Plaintiff and the Class are entitled to injunctive relief;

f.   Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

34.   <u>Typicality</u>: Plaintiffs are members of the Class.  Plaintiffs' claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Defendant's Product.  Plaintiffs are entitled to relief under the same causes of action as the other Class Members.

35.   <u>Adequacy</u>: Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the Class Members they seek to represent; their consumer fraud claims are common to all members of the Class and they have a strong interest in vindicating their rights; they have retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action.  Plaintiffs have no interests which conflict with those of the Class.  The Class Members' interests will be fairly and adequately protected by Plaintiffs and counsel.  Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiffs and the Class Members.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

36.     The Class is properly brought and should be maintained as a class action under Rule 23(b) because a class action is superior to traditional litigation of this controversy.  Pursuant to Rule 23(b)(3), common issues of law and fact predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's illegal, deceptive, and misleading marketing and labeling practices.  In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia*:

37.     Superiority: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.   The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.   The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.   When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.   Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude maintenance as a class action;

f.   This class action will assure uniformity of decisions among Class Members;

g.   The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h.   Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

i.   It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's uniform false and illegal advertising to purchase its Product.

38.   Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

**INJUNCTIVE CLASS RELIEF**

39.   Rules 23(b)(1) and (2) contemplate a class action for purposes of seeking class-wide injunctive relief.  Here, Defendant has engaged in illegal conduct resulting in misleading consumers about its "100%" Grated Parmesan Cheese.  Since Defendant's conduct has been uniformly directed at all consumers in the United States, and the conduct continues presently, injunctive relief on a class-wide basis is a viable and suitable solution to remedy Defendant's continuing illegal misconduct.

40.     The injunctive Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

    a.   Numerosity: Individual joinder of the injunctive Class Members would be wholly impracticable.  Defendant's Product has been purchased by thousands of people throughout the United States.

    b.   Commonality: Questions of law and fact are common to members of the Class.  Defendant's misconduct was uniformly directed at all consumers. Thus, all members of the Class have a common cause against Defendant to stop its misleading and illegal conduct through an injunction.  Since the issues presented by this injunctive Class deal exclusively with Defendant's misconduct, resolution of these questions would necessarily be common to the entire Class.  Moreover, there are common questions of law and fact inherent in the resolution of the proposed injunctive class, including, *inter alia*:

       i.   Resolution of the issues presented in the 23(b)(3) class;

      ii.   Whether members of the Class will continue to suffer harm by virtue of Defendant's illegal, deceptive product marketing and labeling; and

    c.   Typicality: Plaintiffs' claims are typical of the claims of the injunctive Class because his claims arise from the same course of conduct (i.e. Defendant's illegal, deceptive and misleading marketing, labeling, and advertising practices concerning "100%" Grated Parmesan Cheese).  Plaintiffs are typical representatives of the Class because, like all members of the injunctive Class,

14

they purchased Defendant's Product which was sold illegally, unfairly, and deceptively to consumers throughout the United States.

d. <u>Adequacy</u>: Plaintiffs will fairly and adequately represent and protect the interests of the injunctive Class.  Their consumer protection claims are common to all members of the injunctive Class and they have a strong interest in vindicating their rights.  In addition, Plaintiffs and the Class are represented by counsel competent and experienced in both consumer protection and class action litigation.

41.     The injunctive Class is properly brought and should be maintained as a class action under Rule 23(b)(2) because Plaintiffs seek injunctive relief on behalf of the Class Members on grounds generally applicable to the entire injunctive Class.  Certification under Rule 23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (i.e. Defendant has marketed its Product using the same misleading and deceptive labeling to all of the Class Members).  Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendants would be prevented from continuing its illegal, misleading, and deceptive marketing practices.   Plaintiffs and Class Members would purchase the Product again if the ingredients were changed so that the Product was indeed 100% Grated Parmesan Cheese as represented by Defendant.

**CAUSES OF ACTION**

**COUNT 1**
**Asserted as to the Florida Plaintiffs and the Florida Class**
**Violation of Florida's Deceptive and Unfair Trade Practices Act, Ch. 501, Part II**

42.     The Florida Plaintiffs incorporate herein the allegations of all of the preceding and subsequent paragraphs as if fully set forth here verbatim.

43.     The Florida Plaintiffs bring this claim on behalf of themselves and the Florida Class.

44.     The Florida Plaintiffs and the members of the Florida Class are "consumers" as defined in Fla. Stat. § 501.201.

45.     The stated purpose of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. Ann. § 501.202(2).

46.     The Florida Plaintiffs and the members of the Florida Class are consumers, and Great Value 100% Grated Parmesan Cheese is considered a good, within the meaning of the FDUTPA. Defendant is engaged in trade or commerce within the meaning of the FDUTPA.

47.     Fla.  Stat.  §  501.204(1)  declares  unlawful  "[u]nfair  methods  of  competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

48.     Defendant has violated the FDUTPA by engaging in the unfair and deceptive practices, including its omission that Great Value 100% Grated Parmesan Cheese contained cellulose *"wood pulp"*, which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.

49.     Fla. Stat. § 501.203(3) provides that a:   "[v]iolation of this part" means any violation of this act or the rules adopted under this act and may be based upon any of the following as of July 1, 2013:

…(c)   Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

50.     Defendant omitted to disclose that Great Value 100% Grated Parmesan Cheese contained cellulose *"wood pulp"*.  Therefore, the composition or quality of Great Value 100% Grated Parmesan Cheese falls below what is purported or represented by its label. Defendant's omissions injured the Florida Plaintiffs and the members of the Florida Class.

51.     Defendant's conduct, as more fully described herein, violated Fla. Stat. § 580.071 and § 580.081.  Violations of these laws, which are designed to protect consumers like Plaintiffs, constitute per se violations of FDUTPA pursuant to Fla. Stat. § 501.203(3)(c).

52.     Under Fla. Stat. § 501.211(1), the Florida Plaintiffs and members of the Florida Class seek a declaratory judgment and court order enjoining the above described wrongful acts and practices of Defendant and for restitution and disgorgement of the gross revenues derived by Defendant from its sale of Great Value 100% Grated Parmesan Cheese to them, along with any other equitable relief to which they are entitled, pursuant to Florida law.

53.     Under Fla. Stat. §§ 501.211(2) and 501.2105, the Florida Plaintiffs and the members of the Florida Class make additional claims for damages, attorneys' fees, and costs.

54.     Defendant's violations of FDUTPA caused actual economic damages to the Florida Plaintiffs and members of the Florida Class equal to: the amount they paid for Great Value 100% Grated Parmesan Cheese; the difference in value between the value of Great Value 100% Grated Parmesan Cheese as represented (the full purchase prices) and the value of Great Value 100% Grated Parmesan Cheese as actually accepted and delivered ($0, because consumers would not have paid anything for it had they known Great Value 100% Grated Parmesan Cheese

17

contained cellulose *"wood pulp"*).

## COUNT 2
### Asserted Against Defendant on Behalf of the Illinois Plaintiff and the Illinois Class
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act)

55.     The Illinois Plaintiff incorporates herein the allegations of all of the preceding and subsequent paragraphs as if fully set forth herein verbatim.

56.     The Illinois Plaintiff brings this action on behalf of herself and the Illinois Class.

57.     This cause of action is brought pursuant the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* ("ICFA").

58.     The acts and omissions, specifically including Defendant's omission that Great Value 100% Grated Parmesan Cheese contained cellulose *"wood pulp"*, occurred in the conduct of trade or commerce as that term is used therein.

59.     Section 2 of ICFA prohibits unfair or deceptive acts or practices used or employed in the conduct of any trade or commerce, as well as deceptive acts or practices which are committed in the course of trade or commerce and with the intent that others rely upon them. 815 ILCS 505/2.

60.     Section 2 of the IFCA provides, in full:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section, consideration shall be given to the interpretations of the

> Federal Trade Commission and the federal courts relating to Section
> 5(a) of the Federal Trade Commission Act."

815 ILCS 505/2.

61.     Defendant's acts, representations and omissions, as alleged in detail *supra*, are by their very nature unfair, deceptive and unlawful within the meaning of the ICFA.

62.     Defendant has disseminated or caused to be disseminated advertising, labeling, packaging, marketing, and promotion of Great Value 100% Grated Parmesan Cheese that is deceptive and otherwise violates the IFCA, because at all times material hereto, the advertising, labeling, packaging, marketing and promotion of Great Value 100% Grated Parmesan Cheese included false and/or misleading statements or representations concerning the quality of Great Value 100% Grated Parmesan Cheese and/or failed to disclose and/or concealed or omitted material facts, including without limitation, that Great Value 100% Grated Parmesan Cheese contained cellulose *"wood pulp"*.

63.     In making and disseminating the representations and omissions alleged herein, Defendant intended to deceive reasonable consumers, including the Illinois Plaintiff and the Illinois Class.

64.     Defendant made and disseminated the representations and omissions alleged herein in the course of conduct involving trade and commerce.

65.     The utility of Defendant's practices related to the advertising, labeling, packaging, marketing, promotion and selling of Great Value 100% Grated Parmesan Cheese while making affirmative misrepresentations and without properly disclosing its true nature and/or characteristics is negligible, if any, when weighed against the harm to the general public, the Illinois Plaintiff and the Illinois Class.

66.     The harmful impact upon members of the general public targeted by such

practices and the members of the Illinois Class who purchased and used Great Value 100%

Grated Parmesan Cheese outweighs any reasons or justifications by Defendant for the unfair and

deceptive business practices Defendant employed to sell Great Value 100% Grated Parmesan

Cheese described herein.

67.     Defendant had an improper motive (profit before accurate marketing) in its

practices related to the advertising, labeling, packaging, marketing, promotion and selling of

Great Value 100% Grated Parmesan Cheese, as set forth *supra*.

68.     The use of such unfair and deceptive business acts and practices was and is under

the sole control of Defendant, and was deceptively hidden from the Illinois Plaintiff and the

members of the Illinois Class, and the general public in Defendant's advertising, labeling,

packaging, marketing, promotion and selling of Great Value 100% Grated Parmesan Cheese in a

deceptive effort to put profit over accurate marketing. These deceptive acts and practices had a

capacity, tendency, and/or likelihood to deceive or confuse reasonable consumers into believing

that Great Value 100% Grated Parmesan Cheese was "100% Grated Parmesan Cheese."

69.     As a direct and proximate result of Defendant's deceptive and unfair conduct

and/or violations of the IFCA, Plaintiff and the members of the Illinois Class have suffered and

continue to suffer damages, including without limitation the following: the difference in value

between the value of Great Value 100% Grated Parmesan Cheese as represented (the full

purchase prices) and the actual value of Great Value 100% Grated Parmesan Cheese ($0,

because consumers would not have paid anything for it had they known it contained cellulose

*"wood pulp"*).

70.     Plaintiff and the other members of the Illinois Class further seek to enjoin such

unlawful deceptive acts and practices as described above.  Each of the Illinois Class members and

the Illinois Subclass members will be irreparably harmed unless the unlawful actions of Defendant are enjoined, in that Defendant will continue to falsely and misleadingly market and advertise and represent on its packaging the ingredients in Great Value 100% Grated Parmesan Cheese.  Towards that end, the Illinois Plaintiff and the Illinois Class request an order granting them injunctive relief requiring removal of the product from retail outlets, corrective disclosures and/or disclaimers on the labeling and advertising of Great Value 100% Grated Parmesan Cheese and/or the removal of adulterants and fillers before sales resume.

71.     Absent injunctive relief, Defendant will continue to manufacture and sell Great Value 100% Grated Parmesan Cheese without warning to consumers of its true ingredients.

72.     In this regard, Defendant has violated, and continues to violate, the Illinois Consumer Fraud and Deceptive Business Practices Act, which makes unfair or deceptive acts or practices used or employed in the conduct of any trade or commerce unlawful.  As a direct and proximate result of Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act as described above, the Illinois Plaintiff and the members of the Illinois Class have suffered compensable damages, as set forth above.

## COUNT 3
### Asserted Against Defendant on Behalf of the New York Plaintiff and the New York Class
### (New York General Business Law ("GBL") § 349 Deceptive Acts and Practices)

73.     The New York Plaintiff incorporates herein the allegations of all of the preceding and subsequent paragraphs as if fully set forth here verbatim.

74.     The New York Plaintiff, the members of the New York Class are consumers who purchased Great Value 100% Grated Parmesan Cheese, which was designed, manufactured, marketed and distributed by Defendant.  They bring this action pursuant to New York Business Law Section 349.

75.     Defendant has engaged in deceptive practices in the sale of Great Value 100% Grated Parmesan Cheese to consumers, including false and misleading marketing and advertising, including false representations on Great Value 100% Grated Parmesan Cheese's packaging concerning the ingredients in Great Value 100% Grated Parmesan Cheese.

76.     Such actions and failures to act have caused direct, foreseeable and proximate damages to the New York Plaintiff, the other members of the New York Class.  Those damages include the difference in value between the value of Great Value 100% Grated Parmesan Cheese as represented (the full purchase prices) and the value of Great Value 100% Grated Parmesan Cheese as actually accepted and delivered ($0, because consumers would not have paid anything for it had they known it contained cellulose *"wood pulp"*).

77.     Defendant's conduct, as more fully described herein, violated N.Y. Agric. & Mkts. Law § 131-133.  Violations of these laws, which are designed to protect consumers like the New York Plaintiff and the New York Class, form an alternate and additional basis for their GBL § 349 claim.

78.     Plaintiff, the other members of the New York Class further seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the New York Class members will be irreparably harmed unless the unlawful actions of the Defendant are enjoined, in that Defendant will continue to falsely and misleadingly market and advertise and represent on its packaging the nature of Great Value 100% Grated Parmesan Cheese, and omit that Great Value 100% Grated Parmesan Cheese contains cellulose *"wood pulp"*.  Towards that end, the New York Plaintiff and the New York Class request an order granting them injunctive relief requiring removal of the product from retail outlets, corrective disclosures and/or disclaimers on the labeling and advertising of Great Value 100% Grated Parmesan Cheese and/or the removal of the

wood pulp before sales resume.

79.    Absent injunctive relief, Defendant will continue to manufacture and sell Great Value 100% Grated Parmesan Cheese without warning to consumers.

80.    In this regard, Defendant has violated, and continues to violate, section 349 of the New York General Business Law (GBL), which makes deceptive acts and practices unlawful.  As a direct and proximate result of Defendant's violation of GBL § 349 as described above, the New York Plaintiff and the members of the New York Class have suffered damages as set forth above.

<u>**COUNT 4**</u>
**Asserted Against Defendant on Behalf of the New York Plaintiff and the New York Class**
<u>**(New York General Business Law ("GBL") § 350 Deceptive Acts and Practices)**</u>

81.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

82.    N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

83.    N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or

23

any combination thereof, but also the extent to which the

advertising fails to reveal facts material in the light of such

representations with respect to the commodity or employment to

which the advertising relates under the conditions proscribed in

said advertisement, or under such conditions as are customary or

usual . . .

84.     Defendant's labeling and advertisements contain untrue, illegal, and materially

misleading statements concerning Defendant's Product inasmuch as they misrepresent that the

Product contains "100%" Grated Parmesan Cheese.

85.     Plaintiff and the Class have been injured inasmuch as they relied upon the

labeling, packaging and advertising and paid a premium price for a Product that was—contrary

to Defendant's representations—not "100%" Grated Parmesan Cheese.  Accordingly, Plaintiff

and the New York Class received less than what they bargained and/or paid for.

86.     Defendant's advertising, packaging and product labeling induced the Plaintiff and

the New York Class to buy Defendant's Product.

87.     Defendant made untrue and/or misleading statements and representations

willfully, wantonly, and with reckless disregard for the truth.

88.     Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus.

Law § 350.

89.     Defendant made the material misrepresentations described herein in Defendant's

advertising, and on the Product's packaging and labeling.

90.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.  Moreover, all consumers purchasing the Product were and continue to be exposed to Defendant's material misrepresentations.

91.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and New York Class Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## COUNT 5
### Asserted as to the Kansas Plaintiff and the Kansas Class
### (Violation of the Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-626, *et seq.*)

92.     The Kansas Plaintiff and the Kansas Class members incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

93.     The Kansas Plaintiff and the Kansas Class members were actual purchasers and users of Great Value 100% Grated Parmesan Cheese products that were introduced into the stream of commerce, manufactured, distributed and sold by Defendant throughout Kansas and the United States.  Defendant is a "supplier" for purposes of this statute.

94.     As set forth in detail above Defendant willfully failed to disclose material facts despite having learned of the potential presence of substances in Great Value 100% Grated Parmesan Cheese, including cellulose *"wood pulp"*, prior to such sales.  In so doing, Defendant engaged in and/or caused others to engage in deceptive or unconscionable acts in connection with consumer transactions.  In violation of the following provisions of K.S.A. § 50-626 and -627, Defendant, either knowingly or with reason to know, misleadingly claimed that Great Value 100% Grated Parmesan Cheese:

"(b)(1)(A)    has sponsorship, approval, characteristics, ingredients, uses or benefits that they do not have;

"(D)    are of a particular standard, quality, grade, style or model, if they are of another which differs materially from the representation;

"(F)    has uses, benefits or characteristics unless [Defendant] relied upon and possesses a reasonable basis for making such representation; or

"(G)    use, benefit or characteristic of property has been proven or otherwise substantiated unless [Defendant] relied upon and possesses the type and amount of proof or substantiation represented to exist";

(2)    willfully used, in any written representation, an exaggeration, falsehood, innuendo or ambiguity as to a material fact; and

(3)    willfully failed to state a material fact, or the willfully concealed, suppressed or omitted a material fact.

95.    These deceptive trade practices occurred in the course of Defendant's business.

96.    The Kansas Plaintiff and the Kansas Class members would not have purchased Great Value 100% Grated Parmesan Cheese at the price that they did, if at all, but for Defendant's wrongful failure to disclose the tendency of those products to contain cellulose *"wood pulp"*.

97.    As a result of the commission of these deceptive trade practices and failure to disclose the above material omitted facts by Defendant, the Kansas Plaintiff and the Kansas Class were injured and suffered actual damages or economic losses, which include the difference in value between the value of the Great Value 100% Grated Parmesan Cheese as expressly warranted (the

full purchase prices) and the value of the Great Value 100% Grated Parmesan Cheese as actually accepted and delivered.

## COUNT 6
**Asserted Against Defendant on Behalf of the Texas Plaintiff and the Texas Class**
**(Violation of Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA")**

98.     The Texas Plaintiff incorporates herein the allegations of all of the preceding and subsequent paragraphs as if fully set forth here verbatim.

99.     The Texas Plaintiff brings this claim on behalf of herself and the Texas Class.

100.    The Texas Plaintiff and the members of the Texas Class are "consumers" as defined in Tex. Bus. & Com. Code § 17.45(4).

101.    Great Value 100% Grated Parmesan Cheese, itself, constituted "goods," as that term is defined in Tex. Bus. & Com. Code § 17.45(1).

102.    Defendant violated DTPA § 17.50(a)(2), because Defendant breached both express and implied warranties relating to Great Value 100% Grated Parmesan Cheese, as described in detail herein.

103.    Defendant's violations of DTPA § 17.50(a)(2) caused actual economic damages to the Texas Plaintiff and the members of the Texas Class equal to: the amount the Texas Plaintiffs and the members of the Texas Class paid for the worthless Great Value 100% Grated Parmesan Cheese: the difference in value between the value of Great Value 100% Grated Parmesan Cheese as represented (the full purchase prices) and the value of Great Value 100% Grated Parmesan Cheese as actually accepted and delivered.

## COUNT 7
**Asserted Against Defendant on Behalf of the Georgia Plaintiffs and the Georgia Class**
**(Georgia Fair Business Practices Act)**

104.    Defendant's conduct of intentionally concealing material facts regarding the

27

presence of cellulose, aka wood pulp, in its Great Value 100% Grated Parmesan Cheese constitutes unlawful, unfair and deceptive business acts and trade practices.

105.    Defendant sold its Great Value 100% Grated Parmesan Cheese in Georgia and throughout the United States during the Class Period.

106.    The Georgia Fair Business Practices Act prohibits unfair and deceptive acts or practices in the marketplace.  For the reasons discussed above, Defendant has engaged in unfair, false, deceptive, untrue and misleading acts in in violation of the Georgia Fair Business Practices Act.

107.    Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the Georgia Fair Business Practices Act, in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributed to such conduct.

108.    Defendant intended to deceive consumers about the presence of wood pulp cellulose in its Great Value 100% Grated Parmesan Cheese.

109.    Defendant's intentional concealment of material facts are likely to mislead a consumer acting reasonably in the circumstances into believing that the Defendant's product was real 100% grated parmesan cheese.

110.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

111.    Defendant's claims, nondisclosures and misleading statements, as more fully set forth above and collectively as a scheme, were false, misleading and likely to deceive the consuming public.

112.    Defendant's deceptive conduct constitutes a prohibited practice, which directly and proximately caused and continues to cause substantial injury to Plaintiff and the other Georgia Class Members.  Plaintiff and Georgia Class Members have suffered injury in fact, actual damages, and have lost money as a result of Defendant's unlawful, unfair and fraudulent conduct.  Plaintiff's damages are the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered.  Defendant deceptively labeled, and falsely advertised and misbranded products that have little to no market value.

113.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

114.    Plaintiffs on behalf of themselves and all others similarly situated, seek restitution, disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competitions, an injunction prohibiting Defendant from continuing such practices, corrective advertising, including providing notification that the product contains wood pulp cellulose, and all other relief this Court deems appropriate, consistent with the Georgia Fair Business Practices Act.

## COUNT 8
**Asserted Against Defendant on Behalf of the Tennessee Plaintiff
and the Tennessee Class
(Violation of Tennessee Consumer Protection Act, T.C.A § 47-18-104)**

115.    The Tennessee Plaintiff incorporates herein the allegations of all of the preceding and subsequent paragraphs as if fully set forth herein verbatim.

116.    This Count is brought by the Tennessee Plaintiff on behalf of himself and the Tennessee Class.

117.    At all times relevant hereto, the Tennessee Plaintiff and the Tennessee Class members were "persons" within the meaning of T.C.A. § 47-18-103(13) and "consumers" within the meaning of T.C.A. § 47-18-103(2).

118.    Defendant's conduct, as alleged herein, constituted unfair or deceptive acts or practices affecting the conduct of trade or commerce in violation of T.C.A. § 47-18-104(b), including the following types of conduct specified in § 47-18-104(b):

    (a)    Representing that goods or services have characteristics, ingredients, or benefits that they do not have (§ 47-18-104(b)(5));

    (b)    Representing that goods are of a particular standard, quality or grade, if they are of another (§ 47-18-104(7));

    (c)    Advertising goods or services with intent not to sell them as advertised (§ 47-18-104(9)); and

    (d)    Using statements or illustrations in advertisements which create a false impression of the grade, quality, value or usability of the goods or services offered (§ 47-18-104(21)).

119.    Defendant's unfair and deceptive acts and practices (including conduct prohibited by the provisions cited in subparagraphs (a) through (d) above), as alleged in greater detail herein, include, but are not limited to: its false and misleading statements, representations, and depictions in its labeling, packaging, marketing, promotion and advertising for Great Value 100% Grated Parmesan Cheese, including representing that Great Value 100% Grated Parmesan Cheese contains 100% parmesan cheese.

120.    Defendant's conduct as alleged herein constituted a willful or knowing violation of § 47-18-104.

121.   As a result of Defendant's unfair and deceptive acts and practices, the Tennessee Plaintiff and the Tennessee Class members have suffered ascertainable losses of money or property within the meaning of T.C.P. § 47-18-109(a)(1), which they seek to recover, consisting of at least the following: the amounts they paid for Great Value 100% Grated Parmesan Cheese: the difference between the value of Great Value 100% Grated Parmesan Cheese as represented (the purchase price) and the value of Great Value 100% Grated Parmesan Cheese as actually accepted and delivered.

122.   The Tennessee Plaintiff and the Tennessee Class members are entitled to recover these actual damages and multiple damages.

**COUNT 9**
**Asserted as to the Louisiana Plaintiff and the Louisiana Class**
**(Louisiana Deceptive and Unfair Trade Practices Act)**

123.   Defendant's conduct of intentionally concealing material facts regarding the presence of cellulose, aka wood pulp, in its Great Value 100% Grated Parmesan Cheese constitutes unlawful, unfair and deceptive business acts and trade practices.

124.   Defendant sold its Great Value 100% Grated Parmesan Cheese in Louisiana and throughout the United States during the Class Period.

125.   Louisiana Consumer Protection Statute 51:1401 et seq., prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.  For the reasons discussed above, Defendant has engaged in unfair, false, deceptive, untrue and misleading advertising in violation of La. R.S. 51:1401 et seq.

126.   The Louisiana Deceptive and Unfair Trade Practices Act also prohibits any "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in conduct of any trade or commerce."  Defendant has violated La. R.S. 51:1401's

prohibition against engaging in unlawful acts and practices by, *inter alia*, making the false and deceptive representations, and also through its omissions of material facts, as set forth more fully herein.

127.    Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the Louisiana Deceptive and Unfair Trade Practices Act, La. R.S. 51:1401, in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributed to such conduct.

128.    As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition, and truth-in-advertising laws in Louisiana resulting in harm to consumers. Defendant's conduct constitutes violations of the public policies against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers as proscribed by Louisiana Deceptive and Unfair Trade Practices Act, La R.S. 51:1401.

129.    Defendant intended to deceive consumers about the presence of wood pulp cellulose in its Great Value 100% Grated Parmesan Cheese.

130.    Defendant's intentional concealment of material facts are likely to mislead a consumer acting reasonably in the circumstances into believing that the Defendant's product was real 100% grated parmesan cheese.

131.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

132.    Defendant's claims, nondisclosures and misleading statements, as more fully set forth above and collectively as a scheme, were false, misleading and likely to deceive the

consuming public within the meaning of Louisiana Deceptive and Unfair Trade Practices Act.

133.    Defendant's deceptive conduct constitutes a prohibited practice, which directly and proximately caused and continues to cause substantial injury to Plaintiff and the other Louisiana Class Members.  Plaintiff and Louisiana Class Members have suffered injury in fact, actual damages, and have lost money as a result of Defendant's unlawful, unfair and fraudulent conduct.  Plaintiff's damages are the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.  Defendant's deceptively labeled, and falsely advertised and misbranded products have little to no market value.

134.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

135.    Plaintiffs on behalf of themselves and all others similarly situated, seek restitution, disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competitions, an injunction prohibiting Defendant from containing such practices, corrective advertising, including providing notification that the product contains wood pulp cellulose, and all other relief this Court deems appropriate, consistent with Louisiana Deceptive and Unfair Trade Practices Act.

## COUNT 10
### Asserted as to the Missouri Plaintiff and the Missouri Class
### (Missouri Merchandising Practices Act)

136.    This Count is brought pursuant to the Missouri Merchandising Practices Act § 407.010, RSMO et seq.

137.    This claim is asserted by Plaintiff on his own behalf and on behalf of all other similarly situated members of the Missouri Class.

138.    At all relevant times, Plaintiff and all members of the Missouri Class) were persons within the meaning of § 407.010(5), RSMO.

139.    At all relevant times, Plaintiff and all members of the Missouri Class were purchasers within the meaning of § 407.025.1, RSMO.

140.    At all relevant times, Defendant conducted trade or commerce within the meaning of § 407.010(7), RSMO.

141.    The Missouri Merchandising Practices Act, § 407.020.1 et seq., provides in pertinent part:  The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce in or from the State of Missouri, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

142.    Defendant, by and through its employees, agents and/or brokers, engaged in misrepresentations, unlawful schemes and courses of conduct that induced Plaintiff and members of the Missouri Class to purchase its Great Value 100% Grated Parmesan Cheese through one or more unfair and/or deceptive acts and/or practices alleged in this First Amended Class Action Complaint.

143.    In marketing and selling the Great Value 100% Grated Parmesan Cheese, Defendant failed to disclose material information, including that it contains wood pulp cellulose, which information was known at the time of the solicitation, marketing and sale of the contract to Plaintiff, and the failure to disclose such information was intended to induce consumers to purchase the Product.

144.    Defendant marketed and advertised the Great Value 100% Grated Parmesan Cheese with the intent not to sell it as advertised. Specifically, Defendant advertised the Great Value 100% Grated Parmesan Cheese as being 100% grated parmesan cheese, without disclosing that it contains wood pulp cellulose.

145.    In soliciting, marketing, and selling Great Value 100% Grated Parmesan Cheese, Defendant failed to disclose material information about it and thereby intended to induce consumers to purchase it when they otherwise would not have had this information been disclosed.

146.    The activities described herein were undertaken in the course of Defendant's business, and Plaintiffs and the Missouri class suffered damages as a result of Defendant's acts and omissions.

## COUNT 11
**Asserted as to the Michigan Plaintiff and the Michigan Class**
**(Michigan Consumer Protection Act)**

147.    This Count is brought pursuant to the Michigan Consumer Protection Act § 445.903, Mich. Comp. Laws, et seq.

148.    This claim is asserted by Plaintiff on his own behalf and on behalf of all other similarly situated members of the Michigan Class.

149.    At all relevant times, Plaintiff and all members of the Michigan Class) were persons within the meaning of § 445.902(1)(d).

150.    At all relevant times, Defendant was a "person" engaged in trade or commerce within the meaning of § 445.902(1)(d) and (g), Mich. Comp. Laws.

151.    The Michigan Consumer Protection Act prohibits "[u]nfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce . . ."  Mich. Comp.

Laws, §445.903(1).   In particular, the Act prohibits "[r]epresenting that goods or services have . . . characteristics . . . that they do not have . . . ," "[r]epresenting that goods or services are of a particular standard . . . if they are of another;" "[f]ailing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;" "[m]aking a representation of fact or a statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs  to be other than it actually is;" and "[f]ailing to reveal facts that are material to the transaction in light of the representations of fact made in a positive manner."  Mich. Comp. Laws, §445.903(1).

152.     Defendant, by and through its employees, agents and/or brokers, engaged in misrepresentations, unlawful schemes and courses of conduct that induced Plaintiff and members of the Michigan Class to purchase its Great Value 100% Grated Parmesan Cheese through one or more unfair, unconscionable and/or deceptive acts and/or practices alleged in this Complaint.

153.     In marketing and selling the Great Value 100% Grated Parmesan Cheese, Defendant failed to disclose material information, including that it contains wood pulp cellulose, which information was known at the time of the solicitation, marketing and sale of the contract to Plaintiff, and the failure to disclose such information was intended to induce consumers to purchase the Product.

154.     Defendant marketed and advertised the Great Value 100% Grated Parmesan Cheese with the intent not to sell it as advertised. Specifically, Defendant advertised the Great Value 100% Grated Parmesan Cheese as being 100% grated parmesan cheese, without disclosing that it contains wood pulp cellulose.

155.     In soliciting, marketing, and selling Great Value 100% Grated Parmesan Cheese, Defendant failed to disclose material information about it and thereby intended to induce

consumers to purchase it when they otherwise would not have had this information been disclosed.

156.   The activities described herein were undertaken in the course of Defendant's business and Plaintiffs and the Michigan class suffered damages as a result of Defendant's acts and omissions.

## COUNT 12
**Asserted as to the North Carolina Plaintiffs and the North Carolina Class
(North Carolina Unfair and Deceptive Trade Practices Act)**

157.   This Count is brought pursuant to the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA") §§75.1, N.C. Gen. Stat., et seq.

158.   This claim is asserted by Plaintiffs on their own behalf and on behalf of all other similarly situated members of the North Carolina Class.

159.   At all relevant times, Plaintiffs and all members of the North Carolina Class) were persons under the NCUDTPA, §§75-1.1, N.C. Gen. Stat., et seq.

160.   Defendant's acts and practices complained of herein were performed in the course of Defendant's trade or business and thus occurred in or affected "commerce," as defined in N.C. Gen. Stat. § 75-1.1(b).

161.   The NCUDTPA prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce[.]"  The NCUDTPA provides a private right of action for any person injured "by reason of any act or thing done by any other person, firm or corporation in violation of  the NCUDTPA.  N.C. Gen. Stat. § 75-16.

162.   Defendant, by and through its employees, agents and/or brokers, engaged in misrepresentations, unlawful schemes and courses of conduct that induced Plaintiffs and

members of the North Carolina Class to purchase its Great Value 100% Grated Parmesan Cheese through one or more unfair and/or deceptive acts and/or practices alleged in this First Amended Class Action Complaint.

163.    In marketing and selling the Great Value 100% Grated Parmesan Cheese, Defendant failed to disclose material information, including that it contains wood pulp cellulose, which information was known at the time of the solicitation, marketing and sale of the contract to Plaintiffs, and the failure to disclose such information was intended to induce consumers to purchase the Product.

164.    Defendant marketed and advertised the Great Value 100% Grated Parmesan Cheese with the intent not to sell it as advertised. Specifically, Defendant advertised the Great Value 100% Grated Parmesan Cheese as being 100% grated parmesan cheese, without disclosing that it contains wood pulp cellulose.

165.    In soliciting, marketing, and selling Great Value 100% Grated Parmesan Cheese, Defendant failed to disclose material information about it and thereby intended to induce consumers to purchase it when they otherwise would not have had this information been disclosed.

166.    The activities described herein were undertaken in the course of Defendant's business and Plaintiffs and the North Carolina class suffered damages as a result of Defendant's acts and omissions.

## COUNT 13
**Asserted as to the Wisconsin Plaintiff and the Wisconsin Class**
**(Violation of Wisconsin's Deceptive Trade Practices Act, Sec. 100.18, Wis. Stats.)**

167.    Defendant with intent to sell its Great Value 100% Grated Parmesan Cheese, and with intent to induce members of the public, the plaintiffs and members of the class to purchase

its Great Value 100% Grated Parmesan Cheese, intentionally made and published

advertisements, announcements, statements and/or representations to the public, the plaintiffs

and the prospective class members, which contained assertions, representations and/or statements

that were untrue, deceptive and/or misleading in that they represented that the product is made of

100% Grated Parmesan Cheese even though it contains wood pulp cellulose.

168.    By engaging in the above described acts, Defendant violated section 100.18(1) of

the Wisconsin statutes.

169.    The plaintiffs and members of the Wisconsin Class sustained pecuniary injury as

a result of the above described assertions, representations and statements of fact made by

Defendant.

**COUNT 14**
**Asserted as to Virginia Plaintiff and the Virginia Class**
**(Virginia Consumer Protection Act, Va Code Ann. §§ 59.1-196, et seq.**

170.    The Virginia Consumer Protection Act (Virginia CPA, VA Code Ann. §§ 59.1-

196, et seq., prohibits as unlawful fraudulent acts or practices committed by a supplier in

connection with a consumer transaction.  VA Code Ann. § 59.1-200.A.  Unlawful fraudulent acts

include "misrepresenting that goods or services have certain quantities, characteristics,

ingredients, uses, or benefits," as well as "misrepresenting that goods or services are of a

particular standard, quality, grade, style, or model."  VA Code Ann. § 59.1-200.A.

171.    Defendants are "suppliers" as defined under the Virginia CPA.  VA Code Ann. §§

59.1-198.

172.    Plaintiff's, class members' and subclass members' purchase of defendant's Great

Value 100% Grated Parmesan Cheese are consumer transactions under the Virginia CPA.

173.    Defendant engaged in unfair and deceptive trade practices in violation of the

Virginia CPA

174.    Defendant knowingly misrepresented that its Great Value 100% Grated Parmesan Cheese is 100% parmesan cheese even though it contains wood pulp cellulose.

175.    Defendant advertised the Great Value 100% Grated Parmesan Cheese with the intent of not selling it as advertised.  Defendant publicly disseminated untrue or misleading advertising or intended not to sell the Great Value 100% Grated Parmesan Cheese as advertised.

176.    Defendant's fraudulent acts occurred in connection with a consumer transaction.

177.    Defendant intentionally failed to disclose that the Great Value 100% Grated Parmesan Cheese contains wood pulp cellulose.  Defendant knew or should have known this material fact.

178.    Plaintiff and Class Members reasonably relied on Defendant's misrepresentations. Plaintiff and members of the classes overpaid for Defendant's Great Value 100% Grated Parmesan Cheese, did not receive the benefit of their bargain, and lost money.  As a result of Defendant's violations, Plaintiff and Class Members suffered actual damage for which they are entitled to relief.

## COUNT 15
**Asserted as to West Virginia Plaintiff and the West Virginia Class**
**(W. Va. Code § 46A-6-104)**

179.    Defendant's Great Value 100% Grated Parmesan Cheese is considered a consumer "good[]," as that term is used in the Act.

180.    Defendant's conduct involves the "sale" of a consumer good, as that term is defined in the Act.

181.    The sale of the consumer goods by Defendant to Plaintiff and Class Members constitutes a "consumer transaction," as that phrase is defined in the Act.

182.    The consumer transaction occurred in the course of "trade" or "commerce," as those terms are defined in the Act.

183.    As set forth hereinbefore, Defendant committed per se unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce - including, but not limited to, the following:

a.    engaging in conduct which creates a likelihood of confusion or misunderstanding, pursuant to W. Va. Code §§ 46A-6-104 and 46A-6-102(12);

b.    the act, use or employment of a deception, fraud, misrepresentation, or the concealment, suppression, or omission of any material fact, pursuant to W.Va. Code §§ 46A-6-104 and 46A-6-102(13);

c.    Plaintiff, Class and Subclass are entitled to monetary, treble, and punitive damages as well as injunctive relief.

## COUNT 16
**Asserted as to the North Carolina Plaintiff and the North Carolina Class
(North Carolina Unfair and Deceptive Trade Practices Act)**

184.    This cause of action is brought pursuant to the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75.1, et seq., ("UDTPA").

Defendant's conduct violates the UDTPA in the following ways:

a.    Defendant's acts complained of herein possess the tendency or capacity to mislead, or create the likelihood of deception;

b.    Defendant's acts complained of herein violate public policy, amount to an inequitable assertion of its power and position, are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers; and

c.    Defendant's acts complained of herein are unconscionable.

185.    The unfair and deceptive acts of the Defendant complained of herein were committed willfully.

186.    The unfair and deceptive acts of the Defendant complained of herein were acts and practices that affected commerce.

187.    As a result of Defendant's violations of UDTPA, Plaintiff and North Carolina Class Members paid excessive amounts of money for services and paid excessive fees, and thereby suffered actual injury proximately caused by Defendant's conduct.

188.    Plaintiff and North Carolina Class are therefore entitled to:

a.    An Order requiring Defendant to cease its unfair and deceptive trade practices alleged herein;

b.    An order enjoining Defendant from continuing its unfair and deceptive trade practices upon North Carolina consumers;

c.    Compensatory damages;

d.    Treble damages pursuant to N.C. Gen. Stat.§ 75-16;

e.    Pre-judgment interest at the highest rate allowable by law; and

f.    Payment of their attorney's fees and costs.


**COUNT 17**
**Violation of State Consumer Protection Statutes**
**(On Behalf of Plaintiffs and All Class Members and/or the Nationwide Class)**

189.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

190.    Plaintiff and Class Members have been injured as a result of Defendant's violations of the following state consumer protection statutes, which also provide a basis for

redress to Plaintiff and Class Members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

191.    Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the following jurisdictions:

a.    **Alaska:** Defendant's practices were and are in violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, *et seq.*

b.    **Arizona:** Defendant's practices were and are in violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq*.

c.    **Arkansas:** Defendant's practices were and are in violation of Arkansas Code Ann. § 4-88-101, *et seq.*

d.    **California:** Defendant's practices were and are in violation of California Consumer Legal Remedies Act, Civil Code § 1750, *et seq*., and California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq*., and California's False Advertising Law, California Business and Professions Code § 17500, *et seq*.

e.    **Colorado**: Defendant's practices were and are in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. §§ 61-1-101, *et seq.*

f.    **Connecticut:** Defendant's practices were and are in violation of Connecticut's Gen. Stat. § 42-110a, *et seq.*

g.    **Delaware:** Defendant's practices were and are in violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511, *et seq.* and the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2531, *et seq.*

h.   **District of Columbia:**  Defendant's practices were and are in violation of the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, *et seq.*

i.   **Florida:**  Defendant's practices were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*

j.   **Hawaii:**  Defendant's practices were and are in violation of the Hawaii's Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq.* and Haw. Rev. Stat. § 480-2.

k.   **Idaho:**  Defendant's practices were and are in violation of Idaho's Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*

l.   **Illinois:**  Defendant's acts and practices were and are in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2; and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2.

m.   **Indiana:**  Defendant's practices were and are in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

n.   **Kansas:**  Defendant's practices were and are in violation of Kansas's Consumer Protection Act, Kat. Stat. Ann. § 50-623, *et seq.*

o.   **Kentucky:**  Defendant's practices were and are in violation of Kentucky's Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.*

p.   **Maine:**  Defendant's practices were and are in violation of the Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. Tit. 5, § 205-A, *et seq*. and 10 Me. Rev. Stat. Ann. § 1101, *et seq.*

q.   **Maryland:**  Defendant's practices were and are in violation of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, *et seq*.

r.   **Massachusetts:**  Defendant's practices were unfair and deceptive acts and practices in violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2.

s.   **Michigan:**  Defendant's practices were and are in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, *et seq.*

t.   **Minnesota:**  Defendant's practices were and are in violation of Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.* and the Unlawful Trade Practices law, Minn. Stat. § 325D.09, *et seq.*

u.   **Missouri:**  Defendant's practices were and are in violation of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*

v.   **Nebraska:**  Defendant's practices were and are in violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* and the Uniform Deceptive Trade

Practices Act, § 87-302, *et seq.*

w.   **Nevada:**  Defendant's practices were and are in violation of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 and 41.600.

x.   **New Hampshire:**  Defendant's practices were and are in violation of New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*

y.   **New Jersey:**  Defendant's practices were and are in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*

z.   **New Mexico:**  Defendant's practices were and are in violation of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, *et seq.*

aa. **New York:**  Defendant's practices were in and are in violation of New York's Gen. Bus. Law §§ 349, *et seq.*

bb. **North Carolina:**  Defendant's practices were and are in violation of North Carolina's Unfair Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, *et seq.*

cc. **North Dakota:**  Defendant's practices were and are in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D. Cent. Code § 51-15-01, *et seq.*

dd. **Ohio:**  Defendant's practices were and are in violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.* and Ohio's Deceptive Trade Practices Act. Ohio Rev. Code Ann. § 4165.01, *et seq.*

ee. **Oklahoma:**  Defendant's practices were and are in violation of Oklahoma's Consumer Protection Act, Okla. Stat. Ann. tit. 15 § 751, *et seq.*, and Oklahoma's Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78 § 51, *et seq.*

ff. **Oregon:**  Defendant's practices were and are in violation of Oregon's Unlawful Trade Practices law, Or. Rev. Stat. § 646.605, *et seq.*

gg. **Pennsylvania:**  Defendant's practices were and are in violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq.*

hh. **Rhode Island:**  Defendant's practices were and are in violation of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*

ii.  **South Dakota:**  Defendant's practices were and are in violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1, *et seq.*

jj.  **Texas:**  Defendant's practices were and are in violation of Texas' Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*

kk.  **Utah:**  Defendant's practices were and are in violation of Utah's Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, *et seq.*, and Utah's Truth in Advertising Law, Utah Code Ann. § 13-11a-1, *et seq.*

ll.  **Vermont:**  Defendant's practices were and are in violation of Vermont's Consumer Fraud Act, Vt. Stat. Ann. tit. 9 § 2451, *et seq.*

mm. **Washington:**  Defendant's practices were and are in violation of Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86, *et seq.*

nn.  **West Virginia:**  Defendant's practices were and are in violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, *et seq.*

*oo.*  **Wisconsin:**  Defendant's practices were and are in violation of Wisconsin's Consumer Act, Wis. Stat. §421.101, *et seq.*

pp.  **Wyoming:**  Defendant's practices were and are in violation of Wyoming's Consumer Protection Act, Wyo. Stat. Ann. §40-12-101*, et seq.*

172.  Defendant violated the aforementioned states' unfair and deceptive acts and practices laws by representing that the Product contains "100% Grated Parmesan Cheese".

47

173.    Contrary to Defendant's representations, the Product does not contain "100% Grated Parmesan Cheese".

174.    Defendant's misrepresentations were material to Plaintiff's and Class Members' decision to pay a premium for the Product.

175.    Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

176.    As a result of Defendant's violations of the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members paid a premium for the Product.

177.    As a result of Defendant's violations, Defendant has been unjustly enriched.

178.    Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

## COUNT 18
## Breach of Express Warranty
### (On Behalf of Plaintiffs and All Class Members and/or the Nationwide Class)

179.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

180.    Defendant provided the Plaintiff and Class Members with an express warranty in the form of written affirmations of fact promising and representing that the Product contained "100% Grated Parmesan Cheese".

181.    The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality not capable of proof or disproof."

182.    These affirmations of fact became part of the basis for the bargain and were material to the Plaintiff's and Class Members' transactions.

183.    Plaintiff and Class Members reasonably relied upon the Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Product.

184.    Within a reasonable time after they knew or should have known of Defendant's breach, Plaintiff, on behalf of himself and Class Members, placed Defendant on notice of its breach, giving Defendant an opportunity to cure its breach, which it refused to do.

185.    Defendant breached the express warranty because the Product does not contain "100% Grated Parmesan Cheese".

186.    Defendant thereby breached the following state warranty laws:

        a.      Code of Ala. § 7-2-313;

        b.      Alaska Stat. § 45.02.313;

        c.      A.R.S. § 47-2313;

        d.      A.C.A. § 4-2-313;

        e.      Cal. Comm. Code § 2313;

        f.      Colo. Rev. Stat. § 4-2-313;

        g.      Conn. Gen. Stat. § 42a-2-313;

        h.      6 Del. C. § 2-313;

        i.      D.C. Code § 28:2-313;

        j.      Fla. Stat. § 672.313;

        k.      O.C.G.A. § 11-2-313;

        l.      H.R.S. § 490:2-313;

m.      Idaho Code § 28-2-313;

n.      810 I.L.C.S. 5/2-313;

o.      Ind. Code § 26-1-2-313;

p.      Iowa Code § 554.2313;

q.      K.S.A. § 84-2-313;

r.      K.R.S. § 355.2-313;

s.      11 M.R.S. § 2-313;

t.      Md. Commercial Law Code Ann. § 2-313;

u.      106 Mass. Gen. Laws Ann. § 2-313;

v.      M.C.L.S. § 440.2313;

w.      Minn. Stat. § 336.2-313;

x.      Miss. Code Ann. § 75-2-313;

y.      R.S. Mo. § 400.2-313;

z.      Mont. Code Anno. § 30-2-313;

aa.     Neb. Rev. Stat. § 2-313;

bb.     Nev. Rev. Stat. Ann. § 104.2313;

cc.     R.S.A. 382-A:2-313;

dd.     N.J. Stat. Ann. § 12A:2-313;

ee.     N.M. Stat. Ann. § 55-2-313;

ff.     N.Y. U.C.C. Law § 2-313;

gg.     N.C. Gen. Stat. § 25-2-313;

hh.     N.D. Cent. Code § 41-02-30;

ii.     II. O.R.C. Ann. § 1302.26;

jj.    12A Okl. St. § 2-313;

kk.    Or. Rev. Stat. § 72-3130;

ll.    13 Pa. Rev. Stat. § 72-3130;

mm.    R.I. Gen. Laws § 6A-2-313;

nn.    S.C. Code Ann. § 36-2-313;

oo.    S.D. Codified Laws, § 57A-2-313;

pp.    Tenn. Code Ann. § 47-2-313;

qq.    Tex. Bus. & Com. Code § 2.313;

rr.    Utah Code Ann. § 70A-2-313;

ss.    9A V.S.A. § 2-313;

tt.    Va. Code Ann. § 59.1-504.2;

uu.    Wash. Rev. Code Ann. § 6A.2-313;

vv.    W. Va. Code § 46-2-313;

ww.    Wis. Stat. § 402.313;

xx.    Wyo. Stat. § 34.1-2-313.

187.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Product, in an amount to be proven at trial.

**COUNT 19**
**Violation of the Magnuson-Moss**
**Warranty Act, 15 U.S.C. § 2301 *et seq*.**
**(On Behalf of Plaintiffs and All Class Members and/or the Nationwide Class)**

188.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

189.    Plaintiff brings this claim individually and on behalf of all members of the Class. Upon certification, the Class will consist of more than 100 named Plaintiffs.

190.    The Magnuson-Moss Warranty Act provides a federal remedy for consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

191.    The Product is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

192.    Plaintiff and other members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

193.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

194.    Defendant represented in writing that the Products are "100% Grated Parmesan Cheese".

195.    These statements were made in connection with the sale of the Products and relate to the nature of the Products and affirm and promise that the Products are as represented and defect free and, as such, are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

196.    As alleged herein, Defendant breached the written warranty by selling consumers Products that are not "100% Grated Parmesan Cheese".

197.    The Products do not conform to the Defendant's written warranty and therefore violate the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*  Consequently, Plaintiff and

the other members of the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

**COUNT 20**
**BREACH OF IMPLIED WARRANTIES**
**(On Behalf of Plaintiffs and All Class Members and/or the Nationwide Class)**

198.     Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

199.     Plaintiff and Class Members bought the Defendants' Product with the specific purpose of buying a product that was "100% Grated Parmesan Cheese".

200.     Defendants knew or had reason to know that the Plaintiff and other Class Members were buying its Product with the specific purpose of buying a product that was purportedly "100% Grated Parmesan Cheese".

201.     Plaintiff and the other Class Members relied on the Defendant in selecting the Product to fit their specific intended use.

202.     Defendant held itself out as having particular knowledge of the Defendant's Product's ingredients.

203.     Plaintiff's and Class Members' reliance on Defendant in selecting Defendant's Product to fit their particular purpose was reasonable given Defendants' claims and representations in its advertising, packaging and labeling that the Product was "100% Grated Parmesan Cheese".

204.     As a result of the foregoing, Plaintiff and Class Members have been damaged in the amount paid for the Defendants' Product, together with interest thereon from the date of purchase.

**COUNT 21**
**COMMON LAW UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and All Class Members and/or the Nationwide Class)**

205.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

206.    Plaintiffs, on behalf of themselves and consumers nationwide, bring a common law claim for unjust enrichment.

207.    Defendant's conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling its Product while misrepresenting and omitting material facts.

208.    Defendant's unlawful conduct as described in this First Amended Class Action Complaint allowed Defendants to knowingly realize substantial revenues from selling the Product at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members, and to Defendants' benefit and enrichment.  Defendants have thereby violated fundamental principles of justice, equity, and good conscience.

209.    Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendants for a Product that was not as the Defendants represented it to be.

210.    Under common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiffs' and Class Members' overpayments.

211.    Plaintiffs and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues.

54

**WHEREFORE**, Plaintiffs and the Classes request that the Court enter an order of judgment against Defendant including the following:

(a) Certification of the action as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

(b) An order requiring Defendant to pay Plaintiffs and other Class members an amount of actual, statutory, treble, and punitive damages, and restitution in an amount to be determined at trial, and where allowed by law;

(c) An order grating equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unlawful, unfair and/or deceptive conduct alleged herein;

(d) An order granting Plaintiffs' reasonable costs and attorneys' fees; and

(e) An order granting such other relief as may be just and proper.

(f) Granting such other and further relief as the Court may deem just and proper.

Dated: March 30, 2016

**THE SULTZER LAW GROUP, P.C.**

Joseph Lipari /s/

By: _____

Jason P. Sultzer, Esq. (Bar ID #: JS4546)

Joseph Lipari, Esq. (Bar ID #: JL3194)

85 Civic Center Plaza, Suite 104

Poughkeepsie, New York 12601

Tel: (845) 483-7100

Fax: (888) 749-7747

sultzerj@thesultzerlawgroup.com

**PASTOR LAW OFFICE, LLP**

David Pastor

63 Atlantic Avenue, 3d Floor

Boston, Massachusetts 02110

Tel: (617) 742-9700

Fax: (617) 742-9701

dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE, PC**

Preston W. Leonard

63 Atlantic Avenue, 3d Floor

Boston, Massachusetts 02110

Tel: (617)329-1295

pleonard@theleonardlawoffice.com

*Counsel for Plaintiffs and the Class*